IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY HOWARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIRCADIAN FUNDING, LLC,<br><br>Defendant. | Civil Action File No. 22-cv-8692<br><br>CLASS ACTION COMPLAINT<br><br>**DEMAND FOR JURY TRIAL** |

Anthony Howard, individually and on behalf of all others similarly situated, alleges as follows:

**NATURE OF ACTION**

1. This case involves a telemarketing campaign by Circadian Funding, LLC ("Circadian") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. As part of that campaign, Circadian initiated several unsolicited and prerecorded telephone calls to Plaintiff's cellular telephone number offering lending services to Plaintiff.

3. Plaintiff did not consent to receive the calls.

4. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of persons who also received Defendant's prerecorded telemarketing calls on their cellular telephone numbers.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

133955

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and because Defendant resides in this district. Defendant Circadian's principal place of business is in this district.

## PARTIES

8. Plaintiff Anthony Howard is a citizen of Louisville, Kentucky.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant Circadian Funding, LLC is a Delaware limited liability company with its principal place of business located at 5 Pennsylvania Plaza, 15th Floor, New York, New York 10001.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

The TCPA Prohibits Prerecorded Telemarketing Calls

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13. Congress prohibited these calls and enacted a private right of action because Congress found that prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. Pursuant to the authority granted under the TCPA, the Federal Communication Commission's rules require prior "express written consent" for all prerecorded telemarketing calls to cellular telephone numbers. 47 C.F.R. § 64.1200(a)(2).

## FACTUAL ALLEGATIONS

15. Circadian Funding, LLC is lender offering cash advances, lines of credit, and other loans.

16. In order to generate new customers, Circadian relies on telemarketing.

17. In order deliver thousands of telemarketing messages in a short period of time and save on labor costs, Defendant relies upon automated dialing systems that deliver prerecorded messages.

18. Plaintiff's telephone number (205) 405-XXXX ("Plaintiff's Number") is a wireless number that was assigned to cellular telephone service at all relevant times.

19. On July 13, 2022, Defendant placed an unsolicited call to Plaintiff's Number.

20. This call used a prerecorded voice to deliver the following telemarketing message:

> "[inaudible] are better than ever.  Call me back and I'll work up the amounts, rates, and term you can qualify for in just a few minutes.
> If you like what you hear, we can process your funding in one day.
> I look forward to hearing from you and have a blessed day."

21. On July 14, 2022, Defendant placed another unsolicited call to Plaintiff's Number.

22. This call also used a prerecorded voice to deliver the exact same telemarketing message:

> "[inaudible] are better than ever. Call me back and I'll work up the amounts, rates, and term you can qualify for in just a few minutes. If you like what you hear, we can process your funding in one day. I look forward to hearing from you and have a blessed day."

23. On July 15, 2022, Defendant placed another unsolicited call to Plaintiff's Number.

24. This call also used a prerecorded voice to deliver the exact same telemarketing message:

> "[inaudible] are better than ever. Call me back and I'll work up the amounts, rates, and term you can qualify for in just a few minutes. If you like what you hear, we can process your funding in one day. I look forward to hearing from you and have a blessed day."

25. Plaintiff did not provide prior express written consent to receive any of these calls.

26. Defendant harmed Plaintiff and the other call recipients by placing these calls. The calls intruded upon their seclusion, interfered with the legitimate use of their phones, wasted their time, and invaded their privacy.

## CLASS ACTION ALLEGATIONS

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

28. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23(b)(3).

29. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the United States (1) subscribing to a cellular telephone number (2) to which Defendant, or its agent, made a telephone call (3) promoting Defendant's loan services (4) using a prerecorded voice (5) within four years of the date of the Complaint.

30. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

31. The Class defined above are identifiable through phone records and Defendant's internal records.

32. Given the generic nature of the telemarketing campaign, and the use a prerecorded voice, the Class numbers at least in the thousands. Individual joinder of these persons is impracticable.

33. Plaintiff is a member of the Class.

34. There are questions of law and fact common to Plaintiff and the Class, including but not limited to the following:

- Whether the calls qualify as "telemarketing"
- Whether calls used a prerecorded voice
- Whether Defendant obtains prior express written consent for its prerecorded telemarketing calls;
- Whether the actions of the Defendant were knowing or willful.

35. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

36. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. Common questions of law and fact predominate over questions affecting only individual class members.

38. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were are all automated and made as part of the same telemarketing campaign.

39. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

40. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## CAUSE OF ACTION

### Count One

**Telemarketing Calls using a Prerecorded Voice Placed to Cellular Telephone Numbers**

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

42. Defendant violated 47 U.S.C. § 227(b)(1)(A) and the FCC's regulation at 47 C.F.R. § 64.1200(a)(2) by placing telemarketing calls to Plaintiff's and the Class's cellular telephone number using a prerecorded voice.

43. Defendant did not have "prior express written consent" to place these calls.

44. As a result of the Defendant's violations, Plaintiff and the Class are entitled to an award of $500 in statutory damages for each and every violation of the statute, or up to $1,500 in

statutory damages for each willfully or knowingly made violation, pursuant to 47 U.S.C. § 227(b)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief:

A. An order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23 and appointing the lawyers representing Plaintiff as counsel for the Class.

B. An award of Statutory damages to Plaintiff and the Class for at least the statutory minimum of $500 per violation of the TCPA.

C. An order finding Defendant's violations to be knowing or willful and trebling statutory damages to $1,500 per violation of the TCPA.


Respectfully Submitted,


PLAINTIFF, individually and
on behalf of others similarly situated,

By:


*/s/ Timothy J. Sostrin*
Timothy J. Sostrin (Pro Hac Vice pending)
Keith Keogh (Pro Hac Vice Pending)
Keogh Law, Ltd.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
[o] (312) 726-1092
[f] (312) 726-1093
tsostrin@keoghlaw.com